UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE MCGRAW-HILL COMPANIES, INC., PEARSON EDUCATION, INC., PENGUIN GROUP (USA) INC., SIMON & SCHUSTER, INC., and JOHN WILEY & SONS, INC., <br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Civil Action No. 05 CV 8881 (JES) |

**ANSWER, JURY DEMAND, AND AFFIRMATIVE DEFENSES
OF DEFENDANT GOOGLE INC.**

Defendant Google Inc. ("Google") answers Plaintiffs' Complaint as follows:

**NATURE OF THE ACTION**

1. Google admits that Plaintiffs' Complaint purports to state a claim for declaratory and preliminary and permanent injunctive relief that arises under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*

2. Google is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegation that they hold exclusive rights of copyright in books housed in the collection of the University Library of the University of Michigan in Ann Arbor ("University Library"), and in other unspecified collections, and therefore denies such allegation. Google denies the remaining allegations in paragraph 2 of the Complaint.

3. Google admits that it has launched the Google Library Project, pursuant to which it has digitally scanned and intends to continue digitally scanning many books contained in the collection of the University Library. Google further admits that it scans both books that may be

protected by copyright and those in the public domain. Google avers that it does not scan a book if the holder of the copyright notifies Google of its objection to scanning the particular book. Google denies the remaining allegations in paragraph 3 of the Complaint.

    4.    Google admits that pursuant to its agreement with the Regents of the University of Michigan/University Library, it will make available a digital scan of books for the University Library's use in compliance with copyright law; that Google stores digital scans of the books on its secure computer servers; that, subject to limitations, Google offers to the public the ability to search the index of words in the books as stored on its secure servers; that a list of books matching an individual's search is returned to the individual upon searching; that the information provided to the individual conducting the search with respect to a particular book varies depending on numerous criteria, including the copyright status of the book and whether the book was submitted to Google for hosting under contract with the holder of its copyright; and that for books subject to copyright and not submitted by the copyright holder, Google will display (among other things) bibliographic information and, at most and depending on the type of book, three or fewer very short excerpts of approximately one vertical inch each. Google denies the remaining allegations in paragraph 4 of the Complaint.

    5.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore denies such allegations.

    6.    Google admits that it is a for-profit business, but avers that the Google Library Project provides substantial benefits to the public and copyright holders alike. The remaining allegations in paragraph 6 of the Complaint represent neither factual allegations nor legal conclusions but rather rhetoric and legal argument, which are improper under Fed. R. Civ. P. 8(a)

and to which no response is required. To the extent that a response is required, Google denies such allegations.

7. Google denies the allegations in paragraph 7 of the Complaint.

8. Google admits that Plaintiffs assert that Google is required to obtain their permission before including books in the Google Library Project and that Google has declared that its digital scanning of the works provided to it pursuant to the Google Library Project is a fair use of the copyrighted material. Google denies the remaining allegations in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. Google denies that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. Google admits the remaining allegations in paragraph 9 of the Complaint.

10. Google admits the allegations in paragraph 10 of the Complaint.

11. Google admits the allegations in paragraph 11 of the Complaint.

12. Google admits that venue is proper in this District, that Google conducts business in this District, and that Plaintiffs conduct substantial business in this District. Google denies the remaining allegations in paragraph 12 of the Complaint.

## FACTS COMMON TO ALL CLAIMS

### Plaintiffs

13. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore denies such allegations.

14. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies such allegations.

15. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore denies such allegations.

16. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies such allegations.

17. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies such allegations.

18. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies such allegations.

19. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore denies such allegations.

20. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and therefore denies such allegations.

21. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and therefore denies such allegations.

**<u>Defendant</u>**

22. Google is without knowledge or information sufficient to form a belief as to the truth of the allegation that it "is one of the world's largest media companies" and therefore denies such allegation. Google admits the remaining allegations in paragraph 22 of the Complaint.

23. Google admits that it offers separate web pages for searching the web, images, news groups, shopping sites, and other categories. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint

related to the offerings of its competitors and therefore denies such allegations. Google denies the remaining allegations in paragraph 23 of the Complaint.

24. Google admits that its business model has been very successful, that its business generates Internet advertising revenue, and that, at the time of the filing of the Complaint, its market capitalization was approximately $85 billion. Google denies the remaining allegations in paragraph 24 of the Complaint.

### The Google Library Project

25. Google admits that it announced the Google Library Project in December 2004, and that the Library Project will make available for searching online an index of words found in many books in several of the world's leading libraries. Google further admits that as part of the Library Project, it is provided print copies of books from participating libraries, digitally scans the print copies, returns the print copies to the libraries, and makes available to the libraries one scan of the books for their use in compliance with copyright law. Google further admits that some of the books for which a searchable index is created currently may be protected by copyright. Google denies the remaining allegations in paragraph 25 of the Complaint.

26. Google denies the allegations in paragraph 26 of the Complaint.

27. Google admits that the five libraries identified in paragraph 27 of the Complaint have agreed to participate in the Library Project and that the Bodleian Library of the University of Oxford and the New York Public Library will provide Google only with works no longer protected by copyright. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint and therefore denies such allegations.

5

28.     The statements by Google and the University Library referenced in paragraph 28 of the Complaint speak for themselves. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs hold copyrights in the works set forth in Exhibit A and that each work has been duly registered with the Copyright Office, and therefore it denies such allegations. Google denies the remaining allegations in paragraph 28 of the Complaint.

29.     Google admits that Exhibit B to the Complaint contains images from certain of Google's web pages, which images speak for themselves. The remaining allegations in paragraph 29 of the Complaint represent neither factual allegations nor legal conclusions but rather rhetoric and legal argument, which are improper under Fed. R. Civ. P. 8(a) and to which no response is required. To the extent that a response is required, Google denies such allegations.

30.     Google admits that, as part of the Google Publishers Program, it obtained express permission to engage in scanning of books from publishers in order that more extensive excerpts of the books would be available in response to searches on Google's web pages. The remaining allegations in paragraph 30 of the Complaint represent neither factual allegations nor legal conclusions but rather rhetoric and legal argument, which are improper under Fed. R. Civ. P. 8(a) and to which no response is required. To the extent that a response is required, Google denies such allegations.

31.     The allegations in paragraph 31 of the Complaint represent neither factual allegations nor legal conclusions but rather rhetoric and legal argument, which are improper under Fed. R. Civ. P. 8(a) and to which no response is required. To the extent that a response is required, Google denies such allegations.

32. Google denies the allegations in paragraph 32 of the Complaint.

33. Google denies the allegations in paragraph 33 of the Complaint.

34. Google admits that it intends to scan additional literary works in the University Library beginning in November 2005. Google denies the remaining allegations in paragraph 34 of the Complaint.

35. Google denies the allegations in paragraph 35 of the Complaint.

## COUNT I
### (Copyright Infringement)

36. Google incorporates by reference its answers to Paragraphs 1 through 35 above as if fully restated herein.

37. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and therefore denies such allegations.

38. Google denies the allegations in paragraph 38 of the Complaint.

39. Google denies the allegations in paragraph 39 of the Complaint.

40. Google denies the allegations in paragraph 40 of the Complaint.

41. Google denies the allegations in paragraph 41 of the Complaint.

## JURY DEMAND

Defendant Google Inc. demands a jury trial of all issues triable by jury under applicable law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert some or all of the claims set forth in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims and/or the remedies sought are barred by the First Amendment to the United States Constitution.

**FOURTH AFFIRMATIVE DEFENSE**

Google's use of and activities with respect to books that are subject to copyright are subject to one or more of the exceptions to 17 U.S.C. § 106 set forth in 17 U.S.C. §§ 107-122.

**FIFTH AFFIRMATIVE DEFENSE**

Some or all of the Plaintiffs' claims are barred or subject to dismissal for failure to comply with renewal, notice, and registration requirements, and with other necessary formalities.

**SIXTH AFFIRMATIVE DEFENSE**

Some or all of the copyrights on which Plaintiffs rely have been forfeited or abandoned.

**SEVENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' works or portions thereof are not original.

**EIGHTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' works or portions thereof are in the public domain.

**NINTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred by the merger doctrine.

**TENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' works or portions thereof constitute unprotectable ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries.

**ELEVENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' works or portions thereof constitute scénes á faire.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred because Plaintiffs have engaged in copyright misuse and have unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims or some or all of the relief sought therefor are barred by the doctrines of waiver, estoppel, laches, or acquiescence.

WHEREFORE, Defendant Google Inc. respectfully prays the Court as follows:

1. That the Court dismiss the Complaint for failure to state a claim on which relief can be granted;

2. That the Court enter final judgment for Google against Plaintiffs;

3. That Plaintiffs recover nothing of Google;

4. That the Court deny Plaintiffs' request for injunctive and declaratory relief;

5. That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiffs pursuant to 17 U.S.C. § 505 or other applicable law; and

6. For such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           November 8, 2005

_____
Robert J. Bernstein (RB-4230)
Law Office of Robert J. Bernstein
488 Madison Avenue, 9th Floor
New York, NY 10022
Telephone: (212) 705-4811
Facsimile:  (212) 593-9175

Joseph M. Beck (JB-9494)
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 1100
Atlanta, GA 30309-4530
Telephone:  (404) 815-6406
Facsimile:  (404) 541-3126

Adam H. Charnes (AC-0161)
Kilpatrick Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone:  (336) 607-7382
Facsimile:  (336) 734-2602

Attorneys for Defendant Google Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer, Jury Demand, and Affirmative Defenses of Defendant Google Inc. ("Answer") was served by electronic mail, pursuant to consent of plaintiffs' counsel, this 8th day of November, 2005, by emailing a pdf file containing the Answer to plaintiffs' counsel as follows:

        Bruce P. Keller (bpkeller@debevoise.com)
        Jeffrey P. Cunard (jpcunard@debevoise.com)
        James J. Pastore, Jr. (jjpastore@debevoise.com)
        Debevoise & Plimpton LLP
        919 Third Avenue
        New York, NY 10022

_____
Robert J. Bernstein