SPRIZZO, J

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/17/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x

THE MCGRAW-HILL COMPANIES, INC.,
PEARSON EDUCATION, INC., PENGUIN
GROUP (USA) INC., SIMON & SCHUSTER,
INC., and JOHN WILEY & SONS, INC.,

        Plaintiffs,

v.

GOOGLE INC.,

        Defendant.

---------------------------------------- x

05 Civ. 8881 (JES)

ECF Case

Protective Order

---------------------------------------- x

THE AUTHOR'S GUILD, Associational Plaintiff,
HERBERT MITGANG, BETTY MILES AND
DANIEL HOFFMAN, Individually and on Behalf
of All Others Similarly Situated

        Plaintiffs,

v.

GOOGLE INC.,

        Defendant.

---------------------------------------- x

05 Civ. 8136 (JES)

ECF Case

Protective Order

## PROTECTIVE ORDER

The Court, having considered the parties' request for a *Protective Order*, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby ORDERS AS FOLLOWS:

1.     The terms defined in this Section 1 and parenthetically elsewhere shall, throughout this *Protective Order*, have the meanings provided. Defined terms may be used in the singular or plural.

22111318v10

1.1 "*Action*" means the litigation captioned The McGraw-Hill Companies, Inc. v. Google Inc., 05 Civ. 8881 (JES) (S.D.N.Y. Complaint filed Oct. 19, 2005), and/or The Author's Guild v. Google Inc., 05 Civ 8136 (S.D.N.Y. Complaint filed September 20, 2005).

1.2 "*Producing Party*" means a party to the Action, or persons other than a party, including non-party witnesses, that produce *Confidential Information* or *Highly Confidential Information* to the Receiving Party.

1.3 "*Receiving Party*" means the party receiving or requesting production of *Confidential Information* or *Highly Confidential Information* from the Producing Party.

1.4 "*Confidential Information*" means information (1) which the Producing Party believes in good faith to constitute confidential information of the Producing Party, or confidential information of some third party which the Producing Party has in its possession, whether or not such information is recorded or embodied in any physical medium (*i.e.*, a document, information contained in a document, equipment, information stored or displayed in electronic, magnetic or other mediums, information revealed during testimony, information revealed in interrogatory answers, or information revealed in any other way); and (2) which is designated as *Confidential Information* by the Producing Party in accordance with Sections six through eight of this *Protective Order*.

1.5 "*Highly Confidential Information*" means information (1) which the Producing Party believes in good faith to constitute confidential information of the Producing Party or confidential information of some third party which the Producing Party has in its possession; (2) that is so competitively sensitive that producing the information justifies imposing the requirement on the opposite party that only its counsel

may review such information and that its testifying and consulting experts are subject to objection as specified herein, whether or not any such information is recorded or embodied in any physical medium (*i.e.*, whether it is a document, information contained in a document, equipment, information stored or displayed in electronic, magnetic or other medium, information revealed during the taking of testimony, information revealed in interrogatory answers, or information revealed in any other way); and (3) which is designated as *Highly Confidential Information* by the Producing Party in accordance with Sections six through eight of this **Protective Order**.

1.6     "Litigation Documents" means all pleadings, motions, discovery responses, affidavits and related papers produced or exchanged in the course of the Action, or any settlement negotiations related to the Action, and all transcripts of testimony given in depositions, in hearings, or at trial.

1.7     "Termination" means the dismissal of the Action (whether through settlement or otherwise), or the entry of final judgment and expiration of all periods to appeal or seek judicial review of such judgment or dismissal.

2.     All *Confidential Information* shall be used by the Receiving Party solely in connection with the prosecution and defense of the Action. The Receiving Party shall copy *Confidential Information* only to the extent reasonably necessary to prosecute or defend the Action. The Receiving party shall not, directly or indirectly, in whole or in part, reveal, disclose, or make available for inspection or copying any *Confidential Information* to any individual or entity, except:

   2.1     the Court and its personnel and any Jury impaneled in the Action;

2.2    court reporters, videographers, and outside translators while present at a deposition, hearing, or trial in the Action;

2.3    the Receiving Party's outside attorneys retained by or for the Receiving Party in connection with the Action, and the support staffs of those attorneys (including law clerks, legal assistants, secretaries, clerks, and copying service personnel who provide copying and related litigation services at the request of the outside attorneys) who have a need to know the *Confidential Information* in connection with maintaining or defending the Action;

2.4    the Receiving Party's in-house attorneys (if any) or the support staffs of those attorneys (including legal assistants, secretaries and clerks, and copying service personnel who provide copying and related litigation services at the request of the attorneys) who have a need to know the *Confidential Information* in connection with maintaining or defending the Action;

2.5    employees of the Receiving Party or other individuals representing the Receiving Party who have a need to know the *Confidential Information* in connection with maintaining or defending the Action and who have executed this Agreement or an agreement in the form of that attached hereto as Exhibit A before receiving *Confidential Information*;

2.6    subject to Section 11 of this *Protective Order*, any testifying or consulting expert who (a) has executed an agreement in the form of that attached hereto as Exhibit A before receiving *Confidential Information*, and (b) is not employed or retained by a competitor of the Producing Party on a book scanning project during the pendency of the Action and has no present intention to be employed or retained by a competitor of the

Producing Party on a book scanning project for a period of one year following termination of the Action. Provided, however, that any testifying or consulting expert may use *Confidential Information* solely for purposes of the Action and for no other purposes;

 2.7 deposition witnesses and other testifying witnesses who either (a) were the author or a recipient of a document containing *Confidential Information* or (b) have executed an agreement in the form of that attached hereto as Exhibit A before receiving *Confidential Information*;

 2.8 any arbitrator or mediator in connection with an arbitration or mediation of any issue raised in the Action, and such arbitrator's or mediator's support staff; and

 2.9 any other person authorized by written agreement of the Producing Party and the Receiving Party or by order of the Court to receive *Confidential Information*.

3. All *Highly Confidential Information* shall be used by the Receiving Party solely in connection with the prosecution and defense of the Action. The Receiving Party shall not, directly or indirectly, in whole or in part, reveal, disclose, or make available for inspection or copying any *Highly Confidential Information* to any individual or entity, except:

 3.1 the Court and its personnel and any Jury impaneled in the Action;

 3.2 court reporters, videographers, and outside translators while present at a deposition, hearing, or trial in the Action;

 3.3 the Receiving Party's outside attorneys retained by or for the Receiving Party in connection with the Action, and the support staffs of those attorneys (including law clerks, legal assistants, secretaries, and clerks, **but excluding** copying service personnel who provide copying and related litigation services at the request of the outside

attorneys unless such personnel have executed an agreement in the form of that attached hereto as Exhibit A) who have a need to know the *Highly Confidential Information* as a result of assisting in discovery or in the preparation of the Action for trial;

    3.4    the Receiving Party's in-house attorneys (if any) or the support staffs of those attorneys (including legal assistants, secretaries and clerks, **but excluding** copying service personnel who provide copying and related litigation services at the request of the attorneys) who have a need to know the *Highly Confidential Information* as a result of assisting in discovery or in the preparation of the Action for trial;

    3.5    subject to Section 11 of this **Protective Order**, any testifying and consulting expert who (a) has executed an agreement in the form of that attached hereto as Exhibit A before receiving *Highly Confidential Information*, and (b) is not employed or retained by a competitor of the Producing Party on a book scanning project during the pendency of the Action and has no present intention to be employed or retained by a competitor of the Producing Party on a book scanning project for a period of one year following termination of the Action. Provided, however, that any testifying or consulting expert may use *Highly Confidential Information* solely for purposes of the Action and for no other purposes;

    3.6    deposition witnesses and other testifying witnesses who either (a) were the author or a recipient of a document containing *Highly Confidential Information* or (b) have executed an agreement in the form of that attached hereto as Exhibit A before receiving *Highly Confidential Information*;

    3.7    any arbitrator or mediator in connection with an arbitration or mediation of any issue raised in the Action, and such arbitrator's or mediator's support staff; and

3.8 any other person authorized by written agreement of the parties or by order of the Court to receive *Highly Confidential Information*.

4. No person, other than the individuals described in Sections 2 or 3, shall be permitted to attend any deposition during disclosure of *Confidential Information*, unless the parties agree or the Court orders otherwise.

5. No person, other than the individuals described in Section 3, shall be permitted to attend any deposition, hearing or trial during disclosure of *Highly Confidential Information*, unless the parties agree or the Court orders otherwise.

6. A Producing Party shall designate *Confidential Information* or *Highly Confidential Information* contained in a document by conspicuously marking the document as "Confidential Information" or "Highly Confidential Information," as the case may be, on the first page of the document and thereafter on each interior page containing or disclosing *Confidential Information* or *Highly Confidential Information*.

7. A Producing Party shall designate *Confidential Information* or *Highly Confidential Information* contained or embodied in a thing by conspicuously marking, when practicable, the thing as "Confidential Information" or "Highly Confidential Information," as the case may be, or otherwise by identifying the *Confidential Information* or *Highly Confidential Information* in a separate writing such as a memo or letter.

8. A Producing Party may designate *Confidential Information* or *Highly Confidential Information* disclosed during a deposition or hearing by:

8.1 indicating on the record at the deposition or hearing the specific part of the testimony (including the entire testimony given or to be given by a witness) and all or any part of any document or thing marked for identification that is *Confidential Information*

22111318v10

or *Highly Confidential Information* and subject to the provisions of this **Protective Order**; or

    8.2    notifying all Receiving Parties within the earlier of (a) twenty-one (21) days from the time the Producing Party receives a deposition or hearing transcript, or (b) thirty (30) days prior to the trial date, that the transcript contains *Confidential Information* or *Highly Confidential Information* and specifically identifying those portions (including a witness's entire testimony) that contain *Confidential Information* or *Highly Confidential Information*.

    8.3    In the event of a designation pursuant to Section 8.2, nothing shall prevent a Receiving Party from using the testimony of an expert or consultant who relied in his or her analysis on *Confidential Information* or *Highly Confidential Information* provided that the expert viewed the *Confidential Information* or *Highly Confidential Information* prior to the Producing Party's designation pursuant to 8.2.

    9.    A Receiving Party is not obligated to challenge the Producing Party's designation of *Confidential Information* or *Highly Confidential Information* at the time such a designation is made, and any failure to do so will not waive that party's right to request, at any time, that the Court determine whether the information satisfies the definitions of *Confidential Information* or *Highly Confidential Information* set forth at Sections 1.4 and 1.5, respectively, or whether the information satisfies the applicable rules with respect to protected confidential information. Should a Receiving Party challenge a Producing Party's designation, the parties agree to attempt to resolve the dispute in good faith. If the dispute cannot be resolved and the Receiving Party seeks relief from the Court, the Producing Party will bear the burden of proving that the

designation satisfies both the substantive and procedural requirements set forth in this Protective Order as well as the applicable rules with respect to protected confidential information.

10. In the event a Producing Party inadvertently fails to designate *Confidential Information* or *Highly Confidential Information* when it is first produced or disclosed, that party may, at any time thereafter, designate the *Confidential Information* or *Highly Confidential Information* by producing the information with the new designation, stamped with the same Bates number as the information it is intended to replace. Upon receipt of the newly designated information, the Receiving Party will destroy all copies of the original. The Receiving Party shall not be in breach of this **Protective Order** for any disclosure made prior to receipt of such notice which would otherwise have been authorized by this Order but for the subsequent designation.

11. Prior to providing *Confidential Information* or *Highly Confidential Information* of any Producing Party to a testifying expert, the Receiving Party shall notify the Producing Party as to the identity of that testifying expert and shall provide the Producing Party a copy of the testifying expert's *curriculum vitae*, unless the expert has been previously disclosed by the Receiving Party under this Section 11. The Producing Party shall serve the Receiving Party with written objections to the testifying expert within ten (10) business days after receiving the notice. If no written objection is timely served, the Receiving Party may provide *Confidential Information* or *Highly Confidential Information* to the testifying expert according to the terms of this **Protective Order**. If the Producing Party timely serves its objections, the Receiving Party shall not provide *Confidential Information* or *Highly Confidential Information* to the testifying expert until all objections are resolved. The Producing Party and the Receiving Party shall work together in good faith to resolve any timely served objections concerning the testifying expert. If

22111318v10

any such dispute cannot be resolved within ten (10) business days after the Producing Party serves its objections, the Producing Party shall file a motion for a protective order to prohibit the Receiving Party from providing *Confidential Information* or *Highly Confidential Information* to the testifying expert. If no motion for a protective order is timely served, the Receiving Party may provide *Confidential Information* or *Highly Confidential Information* to the testifying expert according to the terms of this *Protective Order*.

12. Any party may move the Court to amend this *Protective Order* on 5 business days' notice to all parties to the Action and the Producing Party that produced the information in question (or such shorter notice as the Court may require). In any proceedings on such a motion, the prior existence of this *Protective Order* shall not affect the burden of persuasion that would rest upon any proponent of a protective provision. The Court, on its own motion, may amend this *Protective Order.*

13. Nothing in this *Protective Order* shall bar or otherwise restrict any attorney from rendering legal advice to his or her client with respect to this litigation and referring generally to *Confidential Information* or *Highly Confidential Information* or relying upon the attorney's own examination of *Confidential Information* or *Highly Confidential Information*.

14. If any Receiving Party is required by law to disclose some portion of the *Confidential Information* or *Highly Confidential Information* other than as permitted by this *Protective Order*:

14.1 the Receiving Party will inform the Producing Party who originally disclosed such *Confidential Information* or *Highly Confidential Information* of the requirement as soon as practicable after receiving notice of the requirement. The

Receiving Party will further inform the Producing Party which *Confidential Information* or *Highly Confidential Information* it is required to disclose.

14.2    The Receiving Party shall inform the requiring entity of the Receiving Party's obligations set forth in this ***Protective Order***.

14.3    The Producing Party may seek a Protective Order with confidentiality provisions identical to this ***Protective Order***. The Receiving Party shall not oppose the Producing Party's attempts to obtain the Protective Order in any fashion, including assisting any third party in opposing the entry of such Protective Order.

14.3.1    If the Producing Party elects to seek a Protective Order under the above section 14.3, it shall notify the Receiving Party within the earlier of (a) twenty (20) days after the Receiving Party sends its notice or (b) two (2) business days before the deadline for complying with the requirement but after the Receiving Party sends its notice.

14.3.2    If the Producing Party elects not to seek a Protective Order, or if the Receiving Party receives no notice under the above section 14.3.1 within the time established in Section 14.3.1 of this Protective Order, the Receiving Party shall have the right to disclose the required *Confidential Information* or *Highly Confidential Information*.

14.3.3    If the Producing Party is unable to obtain a Protective Order satisfactory to the Producing Party after exhausting all applications for writs of mandamus and all interlocutory appeals from the denial of such a Protective Order, the Receiving Party shall have the right to disclose the required *Confidential Information* or *Highly Confidential Information*.

15. The restrictions of the *Protective Order* shall not apply to, and this Order shall not be construed to prevent, any Receiving Party from making use of or disclosing information that:

15.1 was lawfully in its possession prior to receipt of such information from a Producing Party, as shown by its written records dated prior to the Producing Party's disclosure;

15.2 appears in any published material available to the Producing Party's trade or business, available to the public, or otherwise becomes available within the public domain, other than as a consequence of the Receiving Party's breach of any obligation not to disclose the information; or

15.3 it lawfully obtains subsequent to the Producing Party's disclosure, without obligation of confidence, from a source or sources other than the Producing Party;

regardless of whether the same has been designated as *Confidential Information* or *Highly Confidential Information.*

16. This *Protective Order* shall not be construed as a waiver by the parties of any objection which might be raised as to the admissibility of any evidence. This *Protective Order* shall be without prejudice to the rights of any person to oppose production of any information on any proper ground.

17. All Litigation Documents filed with the Court and designated by either party as containing *Confidential Information* or *Highly Confidential Information* or referring to any previously designated *Confidential Information* or *Highly Confidential Information* shall be marked as containing "*Confidential Information*" or "*Highly Confidential Information*." The party filing any such Litigation Document shall move the Court to file the document under seal.

18.  Except as filed with the Court in accordance with this Order, all documents and things designated as *Confidential Information* or *Highly Confidential Information* shall be maintained at all times in the custody of individuals described in Sections 2 or 3, respectively. Within 60 days after Termination of the Action, the original and all copies of each document and thing produced to a Receiving Party, or given to any other person pursuant to this ***Protective Order***, which contains *Confidential Information* or *Highly Confidential Information* shall be destroyed.  Notwithstanding the foregoing: (1) nothing in this Section shall require the destruction of information that resides on server backup tapes and other similar archival records that are generally inaccessible without engaging in affirmative steps to restore such documents as long as such computer archives were made during the ordinary course of business; (2) attorney work product, attorney client communications, and information derived from documents designated by another party or nonparty as *Confidential Information* or *Highly Confidential Information* may be retained by the Receiving Party (if authorized to view them) and counsel for the Receiving Party (if authorized to view them); and (3) counsel for the Receiving Party may retain one copy of any notes, memoranda, or other documents that contain excerpts of *Confidential Information* or *Highly Confidential Information*. Testifying and consulting experts may not retain (a) documents designated by another party or nonparty as *Confidential Information* or *Highly Confidential Information*, (b) attorney work product, attorney client communications, and information derived from documents designated by another party or nonparty as *Confidential Information* or *Highly Confidential Information*, or (c) notes, memoranda, or other documents that contain excerpts of *Confidential Information* or *Highly Confidential Information* designated by another party or nonparty, including without limitation

22111318v10

copies of their expert reports, if any. Upon completion of destruction, counsel for the Receiving Party shall promptly certify the destruction in writing to the Producing Party.

19. If a Producing Party through inadvertence produces or provides documents or information that it believes is subject to a claim of attorney-client privilege or the work product doctrine, the Producing Party shall give written notice to the Receiving Party that the documents or information is subject to such a claim and request that the Documents or information be returned. The Receiving Party immediately shall return the documents or information to the Producing Party. Immediate return of the documents or information by the Receiving Party shall not constitute an admission, waiver, or concession, or otherwise permit any inference, that the returned documents or information are, in fact, properly subject to a claim of attorney-client privilege or the work product doctrine. The Receiving Party may move the Court for an order that such returned documents or information have been improperly designated as subject to the attorney-client privilege or work product doctrine and should be produced for reasons other than a waiver caused by the inadvertent production. With respect to any document, the procedures set forth in this paragraph shall apply only to the first instance in which that document is inadvertently produced.

20. Insofar as its provisions restrict the use or disclosure of any *Confidential Information* or *Highly Confidential Information*, this **Protective Order** shall remain binding after Termination of the Action, and the Court shall retain jurisdiction of all persons and parties bound by this **Protective Order.**

21. Nothing in this Order shall affect the admissibility into evidence of *Confidential Information* or *Highly Confidential Information*.

SO ORDERED this _11_ day of _May_, 2006.

22111318v10

_____
UNITED STATES DISTRICT JUDGE

22111318v10